Julian A. Hertz, J.
After a fact-finding hearing, the court has found the respondent committed delinquent acts which, if done by an adult, would constitute the crimes of assault (Penal Law, § 120.05) and robbery (Penal Law, § 160.10). The specific nature of the case will be dealt with hereafter. The issue presented is, whether to apply the restrictive standard for determining parole or detention to be found in section 739 of the Family Court Act or the guidelines found in section 749 of the Family Court Act.
Respondent is 15 years of age. According to the testimony at the hearing the respondent and another approached the elderly female complaining witness from behind as she and her husband, a man with restricted vision and physical limitations, ascended the subway steps of the IND subway at the Tremont Avenue Station on November 29, 1976 at about 7:45 p.m. As witnessed by an armed payroll security officer who testified in support of the evidence by the complainant and her husband, respondent, one of the two assailants, swung the complainant around and flung her face down to the steps below causing injuries and bleeding to her face and elsewhere on her body. At the same time the other participant tore the complainant’s handbag from her grip and left the scene.
At substantial personal risk the civilian security officer who observed the incident gave chase and followed the fleeing respondent to the opposite station platform and into a train *997 where, some distance down the line, he succeeded in apprehending the perpetrator. It is well to take note of the extreme risks which this voluntary, brave and unselfish action involved. Thus, after handcuffing the respondent, two males attempted to remove the respondent from his custody and he was forced to draw his revolver and threaten to shoot if there was further interference. Indeed, once set in motion degraded acts have an unbounded propensity for evil.
In his own behalf the respondent wove a tale so transparently fictitious that the ignorance underlying its telling is itself shocking. It is enough to say that not only was there no reasonable doubt remaining, but none at all.
After findings were announced a recommendation was made by probation that the respondent be continued on parole to his parents pending an investigation and report to the court in aid of disposition. No record of previous delinquency was before the court. The court was, however, advised of a prior dismissed docket in April, 1976. The Law Guardian urged that parole was appropriate. He referred to the recommendation from probation and he relied upon section 739 of the Family Court Act as requiring the court to apply the standards of that section to a postfinding situation. As to the view expressed by probation the court notes that, obviously, adjournment following findings was for the purpose of permitting probation an opportunity to investigate and report as to what the best interests of this respondent require but with cognizance of a delinquency finding.
The Corporation Counsel promptly contended that not section 739 of the Family Court Act but rather section 749 of the Family Court Act controls in a postfinding situation. It is plain to this court that the caption of section 739 of the Family Court Act renders it inapplicable. The caption reads: "Release or detention after filing of petition and prior to order of disposition.”
Thereunder, were it applicable, the court should parole absent "a substantial probability that he [respondent] will not appear in court on the return date” ('§ 739, subd [a], par [i]), or "there is serious risk that he [respondent] may before the return date do an act which if committed by an adult would constitute a crime” (§ 739, subd [a], par [ii]).
In regard to the second-quoted consideration the court would take this opportunity to observe that even if the respondent’s counsel is correct, the court is not blind to the ramifica *998 tians of what has been demonstrated at the hearing. There is a place in the law for theory but it does not exclude reality. It is unrealistic to require a court to indulge in fantasies. Purse snatching on the level of these underlying facts makes it entirely possible that this was not a first or even isolated act. The court observes that here the "snatch” was accompanied by a grossly assaultive act committed by this respondent and under circumstances which would constitute robbery if charged against an adult. Such acts are extreme for a first offender. If that is so it follows that there is strong reason to conclude, for the purposes of parole or detention, that there is a serious risk of additional similar misconduct in the several week interim before the court has the probation report.
Additionally, it is considered the duty of this court to take note of the conditions in the community and the risks thereto (see amendment to Family Ct Act, § 711, effective July 26, 1976) which directs: "In any juvenile delinquency proceeding under this article, the court shall consider the needs and best interest of the respondent as well as the need for protection of the comm unity. ” (Emphasis added.)
While there is no evidence or inference that the respondent was involved in prior misconduct, the court cannot overlook the nature of the delinquent act committed and risk of recidivism at least before appropriate evaluation of the respondent’s character and a consideration of the circumstances of his home environment. As between subjecting the respondent to brief confinement while the appropriate course of action is considered and turning the respondent back into the unsuspecting community without an opportunity to study the question, the court elects the former course. The latter would indeed seem rash if, in the interim, another victim(s) was added to the score. ;3
Returning to a consideration of the question initially set out in this opinion, the court holds that subdivision (b) of section 749 of the Family Court Act applies on the facts of this case. It provides: "On its own motion, the court may adjourn the proceedings on conclusion of a fact finding hearing or during a dispositional hearing to enable it to make inquiry into the surroundings, conditions and capacities of the respondent. An adjournment on the court’s motion may not be for a period of more than ten days if the respondent is detained, in which case not more than a total of two such adjournments may be granted in the absence of special circumstances. If the respon *999 dent is not detained, an adjournment may be for a reasonable time, but the total number of adjourned days may not exceed two months.” Despite the respondent’s contrary view, there is a plain parallel between the situation appertaining after the fact-finding hearing in a juvenile matter and the shift away from a presumption of innocence which appertains in a criminal trial. Once convicted, the court, in adult proceedings, dispenses with the niceties of legalisms and get down to brass tack realities. Since it is often the practice to remand after conviction of adult offenders there would appear little justification for doing otherwise in this case involving one just a few months short of the age of full adult responsibility.
Consequently, respondent is remanded for 10 days pending the receipt of reports informative on the issue of disposition.